IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR134** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **SAM B. VACANTI,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 24) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motion to suppress filed by the Defendant, Sam B. Vacanti (Filing No. 17). Vacanti filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 26, 27) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Vacanti is charged in a three-count Indictment with: conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (Count I); and possession with intent to distribute less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1) (Count II); and using and carrying a firearm in furtherance of the drug crimes charged in Counts I and II (Count III). Vacanti seeks an order suppressing statements made to law enforcement on February 15, 2005.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he determined that Vacanti did not clearly invoke his right to

counsel before he gave his statements to law enforcement. On the basis of these determinations, Judge Thalken recommended that Vacanti's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the Defendant's waivers of his *Miranda* rights and questioning.[1] (TR 23-25.) The Court has considered the transcript of the hearing conducted by Judge Thalken (Filing No. 25). The Court also carefully viewed the evidence (Filing No. 23). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings in their entirety.

## ANALYSIS

The Defendant objects to Judge Thalken's Report and Recommendation, arguing that he erred in concluding that Vacanti did "not make a sufficient request for an attorney to invoke" *Edwards v. Arizona,* 451 U.S. 477 (1981). Vacanti argues that he made an

---

[1] Vacanti was verbally read his *Miranda* rights and waived them before giving a statement at his home after officers searched his residence. Later, at the police station he was informed of his rights in writing, waived them, and gave another statement.

ambiguous request for counsel by stating that he spoke with his attorney, who stated that he wanted to be there for any questioning.

A suspect must "clearly and unambiguously" request counsel in order to invoke the Fifth Amendment right to counsel. *United States v. Syslo,* 303 F.3d 860, 866(8th Cir. 2002). If a suspect makes a statement that can be considered as an ambiguous request for counsel, a law enforcement officer may question the suspect in order to determine "the suspect's wishes concerning his desire to invoke his *Miranda* rights." *McCree v. Housewright,* 689 F.2d 797, 801 n.6 (8th Cir. 1982). In Vacanti's case, once Vacanti told officers that his attorney wanted to be present, officers questioned him further to determine whether in making this statement Vacanti was asserting his right to have his attorney present. Vacanti waived his rights and chose to make statements on both occasions. At the second interview, when Vacanti said that the "smart thing" for him to do was talk with his attorney the interview ended. (TR 14.)

## CONCLUSION

For the reasons discussed, the Court concludes that Vacanti twice voluntarily waived his *Miranda* rights. He did not unequivocally assert his right to counsel until he stated that the "smart thing" for him to do was talk with his attorney. At that point the interview ended appropriately. The motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 24) is adopted in its entirety;

    b.        The Statement of Objections to the Report and Recommendation (Filing No. 26) is denied;

    3.        The Defendant's Motion to Suppress (Filing No. 17) is denied.

DATED this 8th day of September, 2005.

                                                BY THE COURT:

                                                s/Laurie Smith Camp
                                                United States District Judge